Mitchell F. Boomer (State Bar No. 121441)
Alka Ramchandani (State Bar No. 262172)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, CA 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: boomerm@jacksonlewis.com
E-mail: alka.ramchadani@jacksonlewis.com

Attorneys for Defendants
INTERNATIONAL BUSINESS
MACHINES CORPORATION, ARVIND
KRISHNA, and EDWARD MATCHAK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIYUSH GUPTA,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION (IBM); ARVIND KRISHNA; and EDWARD MATCHAK,<br><br>    Defendants. | Case No. 5:15-CV-05216-EJD<br>(Related to Case No. 5:14-CV-01358-EJD)<br><br>**DEFENDANTS INTERNATIONAL BUSINESS MACHINES CORPORATION AND ARVIND KRISHNA'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT**<br><br>Complaint Filed:  October 14, 2015<br>Removal Filed:   November 13, 2015<br>Trial Date:         None Set |

    Defendants International Business Machines Corporation (hereinafter "IBM") and Arvind Krishna (hereinafter "Krishna") hereby jointly answer Plaintiff Piyush Gupta's Complaint ("Complaint') as follows:

## ANSWER

### THE PARTIES

    1.    Defendants lack information and belief sufficient to respond to, and on that basis denies, the allegations set forth in Paragraph 1 of Plaintiff's Complaint.

    2.    Defendants admit the allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3. Defendants admit that Defendant Arvind Krishna was a Vice President and General Manager at IBM; except as expressly admitted herein, Defendants deny each and every remaining allegation of Paragraph 3 of Plaintiff's Complaint.

4. Defendants admit the allegations set forth in Paragraph 4 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

5. Defendants deny the allegations set forth in Paragraph 5 of Plaintiff's Complaint, and further allege that Plaintiff has fraudulently joined Defendant Matchak, and that the United States District Court for the Northern District of California has proper jurisdiction over this action.

6. Defendants lack information and belief sufficient to respond to, and on that basis deny, the allegations set forth in Paragraph 6 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

7. Defendants admit that IBM rehired Plaintiff in May 2009 after acquiring the assets of Exeros, Inc., a company which Plaintiff co-founded. Except as expressly admitted herein, Defendants deny each and every allegation set forth in Paragraph 7 of Plaintiff's Complaint.

8. Defendants deny each and every allegation set forth in Paragraph 8 of Plaintiff's Complaint because the term "primary IBM corporate officer" is vague and ambiguous; consequently, Defendants lack information and belief sufficient to respond to the allegations asserted in Paragraph 8 of Plaintiff's Complaint.

9. Defendants deny each and every allegation set forth in Paragraph 9 of Plaintiff's Complaint.

10. Defendants admit the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11. Defendants lack information and belief sufficient to respond to the allegations asserted in Paragraph 11 of Plaintiff's Complaint and, on that basis, Defendants deny each and every allegation set forth in Paragraph 11 of Plaintiff's Complaint.

12. Defendants admit that Plaintiff applied for short-term disability leave before his separation date, and that IBM approved his request. Defendants further admit that Plaintiff asked

Defendant Matchak ambiguous questions about short-term disability leave and resource action directed layoffs. Except as expressly admitted, Defendants deny each and every allegation set forth in Paragraph 12 of Plaintiff's Complaint.

13. Defendants deny each and every allegation set forth in Paragraph 13 of Plaintiff's Complaint.

14. Defendants admit that Plaintiff was discharged on or about August 15, 2013; except as expressly admitted, Defendants deny the allegation set forth in Paragraph 14 of Plaintiff's Complaint.

## FIRST CLAIM FOR RELIEF

### Fraud in the Inducement

### (Against IBM, Arvind Krishna, and Edward Matchak)

15. In answering the fifteenth Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "1" by Plaintiff), Defendants incorporate its responses to Paragraphs 1-14 above as if fully set forth herein.

16. In answering the sixteenth Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "2" by Plaintiff), said Paragraph contains mere assertions of law which do not require a response.

17. In answering the seventeenth Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "3" by Plaintiff), said Paragraph contains mere assertions of law which do not require a response.

18. In answering the eighteenth Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "4" by Plaintiff), Defendants deny each and every allegation set forth in said paragraph.

19. In answering the nineteenth Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "5" by Plaintiff), Defendants deny each and every allegation set forth in said paragraph.

20. In answering the twentieth Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "6" by Plaintiff), Defendants deny each and every allegation set forth in said paragraph.

21. In answering the twenty-first Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "7" by Plaintiff), Defendants deny each and every allegation set forth as phrased in said paragraph.

22. In answering the twenty-second Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "8" by Plaintiff), Defendants deny each and every allegation set forth in said paragraph.

23. In answering the twenty-third Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "9" by Plaintiff), Defendants deny each and every allegation set forth in said paragraph.

24. In answering the twenty-fourth Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "10" by Plaintiff), Defendants deny each and every allegation set forth in said paragraph.

25. In answering the twenty-fifth Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "11" by Plaintiff), Defendants deny each and every allegation set forth in said paragraph.

26. In answering the twenty-sixth Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "12" by Plaintiff), Defendants deny each and every allegation set forth in said paragraph.

## SECOND CLAIM FOR RELIEF

**Fraud**

**(Fraud Against Arvind Krishna and IBM)**

27. In answering the twenty-seventh Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "13" by Plaintiff), Defendants incorporate its responses to Paragraphs 1-26 above as if fully set forth herein.

28. In answering the twenty-eighth Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "14" by Plaintiff), Defendants deny each and every allegation set forth in said paragraph.

29. In answering the twenty-ninth Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "15" by Plaintiff), Defendants deny each and every allegation set forth in said paragraph.

30. In answering the thirtieth Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "16" by Plaintiff), Defendants lack sufficient information and belief to respond to Plaintiff's vague allegations and therefore deny each and every allegation set forth in said paragraph.

31. In answering the thirty-first Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "17" by Plaintiff), Defendants deny each and every allegation set forth in said paragraph including but not limited to each of its sub-parts.

32. In answering the thirty-second Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "18" by Plaintiff), Defendants deny each and every allegation set forth in said paragraph.

33. In answering the thirty-third Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "19" by Plaintiff), Defendants deny each and every allegation set forth in said paragraph including but not limited to each of its sub-parts.

34. In answering the thirty-fourth Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "20" by Plaintiff), Defendants deny each and every allegation set forth in said paragraph.

35. In answering the thirty-fifth Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "21" by Plaintiff), Defendants deny each and every allegation set forth in said paragraph.

### THIRD CLAIM FOR RELIEF

### Negligent Misrepresentation

### (Against Arvind Krishna and IBM)

36. In answering the thirty-sixth Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "22" by Plaintiff), Defendants incorporate its responses to Paragraphs 1-26 above as if fully set forth herein.

37. In answering the thirty-seventh Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "23" by Plaintiff), Defendants admit that they had no intent to defraud Plaintiff and deny that they were in any way negligent; except as expressly admitted, Defendants deny each and every allegation set forth in said paragraph.

38. In answering the thirty-eighth Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "24" by Plaintiff), Defendants deny each and every allegation set forth in said paragraph.

### FOURTH CLAIM FOR RELIEF

### (Waiting Time Penalties – California Labor Code section 203)

### (Against IBM)

39. In answering the thirty-ninth Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "25" by Plaintiff), Defendants incorporate its responses to Paragraphs 1-26 above as if fully set forth herein.

40. In answering the fortieth Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "26" by Plaintiff), Defendant IBM admits the allegations set forth therein for the period of time in which Plaintiff was employed by IBM. Except as expressly admitted, Defendants deny each and every allegation set forth in said paragraph.

41. In answering the forty-first Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "27" by Plaintiff), Defendants lack information and belief sufficient to respond and, on that basis, deny each and every allegation set forth in said paragraph.

42. In answering the forty-second Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "28" by Plaintiff), the allegations set forth in said Paragraph contains mere assertions of law which do not require a response.

43. In answering the forty-third Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "29" by Plaintiff), Defendants deny each and every allegation set forth in said Paragraph.

44. In answering the forty-fourth Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "30" by Plaintiff), the allegations set forth in said Paragraph contain mere assertions of law which do not require a response. To the extent the allegations assert a factual claim, the claim is vague and ambiguous; therefore, Defendants lack sufficient information and belief to respond and, on that basis, deny each and every allegation set forth in said paragraph.

45. In answering the forty-fifth Paragraph of Plaintiff's Complaint (erroneously numbered paragraph number "31" by Plaintiff), Defendants lack sufficient information and belief to respond to whether Plaintiff has incurred and continues to incur legal expenses and attorneys' fees and, on that basis, deny that allegation as set forth in said paragraph. Defendants further deny that Plaintiff is "entitled to legal expenses and attorneys' fees under Labor Code section 218.5."

## AFFIRMATIVE DEFENSES

By way of affirmative defense to the allegations set forth in Plaintiff's Complaint, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff's First, Second and Third Causes of Action assert that Defendants, or any of them, made misrepresentations or breached promises, such allegations are barred in whole or in part on the grounds that, as to each and every such alleged misrepresentation or promise, one or more conditions precedent were not satisfied or fulfilled.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's First, Second and Third Causes of Action are barred in whole or in part for failure to allege essential elements of the claim with sufficient specificity.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's First, Second and Third Causes of Action are barred in whole or in part by the parol evidence rule.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each purported cause of action alleged therein is preempted and barred in whole or in part because, to the extent Plaintiff alleges emotional or physical injury, this court lacks jurisdiction and any recovery is barred by the California Workers' Compensation Act's exclusive remedy doctrine. (Cal. Lab. Code, § 3602 et seq.)

### FIFTH AFFIRMATIVE DEFENSE

Defendants allege that the Complaint and each purported cause of action alleged therein are barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

Defendants allege, on information and belief, that the Complaint and each purported cause of action alleged therein is barred to the extent Plaintiff is estopped by his own conduct from claiming any right to damages or relief against Defendants, or any of them.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any damages for lost wages, or any recovery for lost wages must be reduced, if and to the extent that Plaintiff failed to exercise reasonable diligence to mitigate his alleged damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants allege, on information and belief, that the Complaint and each purported cause of action alleged therein is barred by the doctrine of after-acquired evidence or the doctrine of after-acquired evidence limits or reduces Plaintiff's recovery of alleged damages.

### NINTH AFFIRMATIVE DEFENSE

Defendants are relieved of any liability whatsoever as to Plaintiff's claims for damages set forth in the Complaint to the extent Plaintiff seeks redress for physical and emotional injuries arising from preexisting physical or mental conditions.

### TENTH AFFIRMATIVE DEFENSE

Defendants Matchak and Krishna are relieved of any liability whatsoever by the doctrines of managerial privilege and managerial immunity.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's First Cause of Action as against Defendant is barred by the doctrines of res judicata and collateral estoppel in that the same fraudulent inducement theory Plaintiff alleges against Matchak has been rejected by this Court when he brought the same theory in an earlier action against IBM.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing and his Complaint be dismissed in its entirety;
2. For an award of Defendants' reasonable attorneys' fees;
3. For an award of Defendants' costs of suit incurred herein; and,
4. For such other and further relief as the Court deems just and proper.

Dated: November 20, 2015              JACKSON LEWIS P.C.

                                      By:  s/Mitchell F. Boomer
                                           Mitchell F. Boomer
                                           Alka Ramchandani
                                           Attorneys for Defendant
                                           INTERNATIONAL BUSINESS
                                           MACHINES CORPORATION and
                                           ARVIND KRISHNA