UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PIYUSH GUPTA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, et al.,<br><br>　　　　　Defendants. | Case No.  5:15-cv-05216-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 7 |

## I.   INTRODUCTION

The instant case is the second of two lawsuits Plaintiff Piyush Gupta ("Plaintiff") filed against his former employer, Defendant International Business Machines Corporation ("IBM").  In the first, Plaintiff asserted claims against IBM for disability discrimination in violation of California's Fair Employment and House Act, failure to provide a disability accommodation, failure to engage in an interactive process, and wrongful termination.  See Case No. 5:14-cv-01358-EJD ("Gupta I").  Plaintiff also asserted a claim for fraud in the inducement against IBM based on the allegation that a human resources representative wrongfully stated he would be laid off even if he was receiving short-term disability benefits.

While the parties were in the midst of summary judgment briefing in Gupta I, Plaintiff moved to amend the complaint in order to add claims against two IBM employees, Arvind Krishna and Edward Matchak.  Plaintiff identified Matchak as the human resources representative who provided him the allegedly wrongful information regarding short-term disability benefits.  IBM opposed Plaintiff's motion, and the court denied it for failure to show good cause under Federal Rule of Civil Procedure 16.  Thereafter, the court issued a partial summary judgment order

1

Case No.: 5:15-cv-05216-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

in favor of IBM on the fraud in the inducement claim.

Not permitted to bring the claims against Krishna and Matchak in Gupta I, Plaintiff initiated this case - Gupta II - in Santa Clara Superior Court on October 14, 2015. Here, he asserts claims under California law for fraud in the inducement, fraud, negligent misrepresentation and violation of Labor Code § 203. Only one of those claims, fraud in the inducement, is asserted against Matchak. As to him, the claim is based on the same alleged misrepresentation concerning short-term disability benefits that Plaintiff raised in Gupta I.

IBM, Krishna and Matchak (collectively, "Defendants") removed Gupta II to this court on November 13, 2015, based on diversity jurisdiction under 28 U.S.C. § 1332. Defendants contend that, although Plaintiff and Matchak are both domiciled in California, Matchak should be disregarded because he is fraudulently joined. Plaintiff disagrees, and now moves to remand. See Docket Item No. 7. Having reviewed the relevant documents, the court concurs with Plaintiff that Matchak cannot be disregarded for jurisdictional purposes. Accordingly, Plaintiff's motion to remand will be granted for the reasons explained below.

## II.   LEGAL STANDARD

Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). In general, only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant."). Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a), (b).

On a motion to remand, it is the removing defendant's burden to establish federal jurisdiction, and the court must strictly construe removal statutes against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

### III. DISCUSSION

In the Complaint, Plaintiff alleges that Matchak is domiciled in California. Defendants do not claim otherwise. As such, the court first observes that, on the face of the pleading, this action was not removable because the Complaint does not raise a federal question and California parties appear on both sides. See Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004) ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest.").

In response to the presumption against federal jurisdiction, Defendants argue that Matchak should be disregarded because he is a fraudulently-joined or "sham" defendant. This issue is examined below.

#### A. Fraudulent Joinder

Under the "fraudulent joinder" doctrine, a defendant may remove a civil action that alleges claims against a non-diverse defendant when the plaintiff has no basis for suing that defendant. McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Id.; Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). In such a case, the "sham" defendant is disregarded for jurisdictional purposes. McCabe, 811 F.2d at 1339.

Proving that a party was joined solely to defeat diversity jurisdiction is not easy, however. A fraudulent joinder "must be proven by clear and convincing evidence." Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). "[A]ll disputed questions of fact

3
Case No.: 5:15-cv-05216-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

and all ambiguities in the controlling state law are [to be] resolved in plaintiff's favor." Calero v. Unisys Corp., 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003). The Ninth Circuit, agreeing with the Fifth Circuit, has held that the district court need only engage "'a summary inquiry . . . to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant,'" and the reasoned that "'the inability to make the requisite decision in a summary manner itself points to the inability of the removing party to carry its burden.'" Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015) (quoting Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573-75 (5th Cir. 2004)).

Furthermore, "a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Nasrawi v. Buck Consultants, LLC, 776 F. Supp. 2d 1166, 1170 (E.D. Cal. 2011). "Remand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Id. (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 U.S. Dist. LEXIS 52437, at *4, 2006 WL 2038040 (N.D. Cal. Jul. 19, 2006)).

In an effort to show that Plaintiff has no basis upon which to sue Matchak, Defendants first contend the fraud in the inducement claim is barred by collateral estoppel due to the partial summary judgment order issued in Gupta I. Not so. In California, collateral estoppel applies under the following circumstances: (1) the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding; (2) this issue must have been actually litigated in the former proceeding; (3) it must have been necessarily decided in the former proceeding; (4) the decision in the former proceeding must be final and on the merits; and (5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. Gikas v. Zolin, 6 Cal. 4th 841, 849 (1993). As to the fourth factor, "[t]o be final for purposes of collateral estoppel, the decision need only be immune, as a practical matter, to reversal or amendment." Mueller v. J. C. Penney Co., 173 Cal. App. 3d 713, 719 (1985). Because it is not yet appealable and subject to amendment at any time prior to judgment, the partial summary

4

Case No.: 5:15-cv-05216-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

1   judgment order is not sufficiently "final."  Thus, collateral estoppel does not, at this point, bar the
2   fraud in the inducement claim against Matchak.
3        Second, Defendants believe it is "clear" based on the allegations in the Complaint that
4   Matchak is shielded from all possible individual liability by the managerial privilege, which
5   generally immunizes agent-employees who act in part by a desire to benefit the employer-
6   principal.  See Los Angeles Airways, Inc. v. Davis, 687 F.2d 321, 328 (1982).  The court disagrees
7   with Defendants' statement.  Indeed, as another district court has recognized, the exact contours of
8   the managerial privilege are not well-defined and are anything but clear.  See Ressler v. La Petite
9   Acad., Inc., Case No. CV 14-9089-JFW (AJWx), 2015 U.S. Dist. LEXIS 10493, at *6 (C.D. Cal.
10  Jan. 29, 2015).  Moreover, while it may be that the current allegations potentially raise the
11  privilege, Defendants did not establish that Plaintiff would not be afforded the opportunity to re-
12  plead the claim, as he intends to do.  In other words, Defendants have not shown "that plaintiff
13  cannot assert a claim against the non-diverse party as a matter of law."  Ontiveros v. Michaels
14  Stores, Inc., No. CV 12-09437 MMM FMOX, 2013 U.S. Dist. LEXIS 31036, at *14, 2013 WL
15  815975 (C.D. Cal. Mar. 5, 2013).
16       In sum, the heavy burden to show by clear and convincing evidence that Matchak was
17  fraudulently joined proved insurmountable to Defendants.  The court therefore concludes there is a
18  "non-fanciful" possibility that Plaintiff can state a claim against Matchak.  As a result, Matchak's
19  domicile is not excluded from the jurisdictional analysis.  With that, this court lacks subject matter
20  jurisdiction over the case.  Plaintiff's motion to remand must therefore be granted.

21      **B.   Attorney Fees and Costs**

22       Plaintiff requests an award of fees pursuant to 28 U.S.C. § 1447(c).  "An order remanding
23  the case may require payment of just costs and any actual expenses, including attorney fees,
24  incurred as a result of the removal."  28 U.S.C. § 1447(c).  Since "[t]he process of removing a case
25  to federal court and then having it remanded back to state court delays resolution of the case,
26  imposes additional costs on both parties, and wastes judicial resources," requiring the payment of
27  fees and costs is appropriate where "the removing party lacked an objectively reasonable basis for

seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 140-41 (2005).  The Ninth Circuit has explained that "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Lussier v. Dollar Tree Stores, Inc., 518 F. 3d 1062, 1065 (9th Cir. 2008).  Instead, the objective reasonableness of a removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the arguments in support of removal.  Id. at 1066-67.

Here, the court does not find the applicable law so clear as to foreclose the removal.  While the court ultimately found their arguments lacked merit, Defendants did cite two potentially reasonably-applicable bases in support of federal jurisdiction.  This is not a removal that was "clearly foreclosed" by the law.  Thus, the request for fees is denied.

## IV.  ORDER

Based on the foregoing, Plaintiff's motion to remand is GRANTED.  The Clerk shall remand this action to Santa Clara County Superior Court.  All other pending matters are terminated and the Clerk shall close the file.

Plaintiff's request for fees under 28 U.S.C. § 1447(c) is DENIED.

**IT IS SO ORDERED.**

Dated:  December 16, 2015



EDWARD J. DAVILA
United States District Judge

6
Case No.: 5:15-cv-05216-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND